### Flora E. Trump and Isaac B. Trump v. Jacob Paul.

1. MISTAKES—*Of Scrivener in Drawing Deeds.*—Where the scrivener, in preparing a deed, makes a mistake and omits some portion of the contract of the parties, a court of equity upon clear and satisfactory proof being made of such mistake, will correct it and reform the deed.

**Bill for the Reformation of a Deed, etc.**—Trial in the Circuit Court of Carroll County; the Hon. JAMES S. BAUME, Judge, presiding. Hearing and bill dismissed for want of equity. Appeal by complainant. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed September 26, 1898.

C. W. MIDDLEKAUFF, attorney for appellants.

GEORGE L. HOFFMAN, attorney for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was a bill in equity for an injunction and for the reformation of a deed. The controversy grows out of a sale of forty acres of land by appellants to appellee. The purchase price of the land was $50 per acre, and appellants contend that the agreement was they should retain possession of the premises until March 1, 1897, and have the crops of the year 1896. The parties met at the banking house of Sherwood & Cook in Shannon on May 21, 1896, for the purpose of executing the deed, and Mr. R. M. Cook, the cashier, was instructed to draw the same. Just what instructions were given the scrivener is a matter of dispute, appellants claiming he was directed to insert in the deed a

reservation of the possession of the forty acres to them
until March 1, 1897, and appellee insisting to the contrary.
The deed as drawn and executed was the common statutory
form of a warranty deed without any reservation whatever,
and was duly delivered and recorded on the date last men-
tioned. The purchase price was paid; appellants retained
the possession of the land and harvested the crops. They
gave appellee permission to plow twenty acres in the fall
which he did, and then a quarrel arose in December as to
appellants' cattle running on the plowed ground, and as to
the ownership of the straw and corn stalks on the premises.
Appellee served notice on appellants to quit and deliver up
possession of the land, and then appellants filed this bill for
an injunction and for a reformation of the deed.

On a final hearing the court dismissed the bill and dis-
solved the injunction. Under the evidence we think this
action of the court was erroneous. Whatever the instruc-
tions may have been to the scrivener who drew the deed, a
clear preponderance of the evidence shows that the agree-
ment as to possession was as contended for by appellants,
and that the scrivener was informed of the bargain. In
drawing the deed he acted as the agent of both parties, and
should have made it express their true intent and meaning.
This it did not do, and under the proofs appellants were
entitled to the relief prayed.

The decree will be reversed, with directions to the Cir-
cuit Court to enter a decree in accordance with the views
herein expressed.

Decree reversed and cause remanded with directions.